————◄•o•o►————

JACOB H. EINER AND FREDERICK W. FUNDENTHAL, Appellants, v. JOSEPH DEYNOODT, INTERPLEADER OF WM. BESTE AND FELIX GRIMA, Respondents.

*Conflict of Laws — Domicil — Partnership.* — Einer v. Beste & Deynoodt, 32 Mo. 240, affirmed. By the law of Louisiana, the assignment by one partner of the partnership property of an insolvent firm to the syndics or assignees, appointed under the laws of that State, transfers the title to the whole partnership property as against a creditor of the firm domiciled in that State.

*Appeal from St. Louis Court of Common Pleas.*

The facts were the same as in the case when before the court in 32 Mo. 250, some additional evidence being given as to the laws of Louisiana.

The following instructions for interpleader were given by the court:

1. The court declares the law to be that a foreign assignment will operate whenever personal property of the assignor is found according to the law of the assignor's domicil, except as against the citizens of the State in which said property may be found.

2. The court declares the law to be, that if it has been established by the evidence that the plaintiffs and defendants were at the time of the institution of this suit of attachment by Einer & Fundenthal against Beste & Grima, domiciliated at New Orleans, Louisiana, and that the debts, the subject matter of the attachment, were there contracted, plaintiff cannot by a suit in the courts of Missouri, in regard to the personal property of their debtors in this State, obtain a pref-

erence over the other creditors of which they would be debarred by the laws of Louisiana.

3. The court declares the law to be, that if it has been established in proof that the plaintiffs and defendants in this suit were at the time of the institution of this suit residents of New Orleans, Louisiana, that the subject matter of the suit are debts contracted in said city of New Orleans ; that plaintiff had notice of the proceedings instituted in the courts of New Orleans by William Beste, one of the defendants, against his creditors, and wherein and whereby Joseph Deynoodt, interpleader herein, was appointed syndic ; and that by the laws and decisions of the State of Louisiana, as proven by the evidence from the date of such proceedings by Wm. Beste, one of the co-partners, all proceedings by the creditors against the personal property of the copartnership, and the syndic alone entitled to administer thereon, then the interpleader is entitled to recover, and judgment should be rendered accordingly.

*Taussig & Kellogg*, for appellants.

*A. J. P. Garesché*, for respondent.

HOLMES, Judge, delivered the opinion of the court.

This cause was remanded for a new trial upon the single question, "whether, upon the proceedings had in the courts of Louisiana, upon the application of Beste alone, the creditors may not by the laws of Louisiana nevertheless seize the personal property of the partnership to the extent of the share of the other partner not a party to the proceedings, and consequently hold to the extent of one half of the attached property." A new trial being had, this question was determined upon the evidence produced to show what were the laws of Louisiana upon the subject in favor of the interpleader, the respondent here. It appears that the cession of the partnership, effected by the insolvent partner to the syndic, was made before the service of the garnishment in this attachment suit, and that by the laws of Louisiana they be-

came entitled to administer upon the partnership effects as well as upon the individual property of the insolvent partner. We have come to the conclusion that the instructions given for the interpleader by the court below were correct.

Judgment affirmed.   The other judges concur.